**BREWERY AND BEVERAGE DRIVERS LOCAL 67,**
Plaintiff,

v.

**CANADA DRY POTOMAC CORPORATION,**
Defendant.

Civ. A. No. 85–2932.

United States District Court, District of Columbia.

Jan. 23, 1986.

**74**

John R. Mooney, Washington, D.C., for plaintiff.

Richard H. Nicolaides, Washington, D.C., for defendant.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

The plaintiff seeks to have the Court modify or vacate in part an arbitration award signed on June 18, 1985. Complaint Exhibit E. The arbitration award was entered pursuant to the terms of the collective bargaining agreement (CBA) entered into by the parties for the period February 27, 1983 to February 27, 1986. Complaint Exhibit A. On September 16, 1985, the plaintiff filed the complaint in this case pursuant to 29 U.S.C. § 185 and the matter is now before the Court on cross-motions for summary judgment.

### I

Very briefly, the underlying facts are as follows: The defendant bottles and distributes Canada Dry brand products, Hires Root Beer, Rock Creek brand products and Perrier water to accounts in the Washington, D.C. metropolitan area. In 1974, the defendant introduced a 64 ounce glass bottle into its product line. These 64 ounce bottles were always packaged six to a case. In 1979, the defendant replaced the 64 ounce glass bottles with two-litre plastic bottles and continued to package them six to a case. In August 1984 the defendant began to package eight two-litre bottles to a case. Article XI of the CBA provides

that "During the life of this Agreement, there shall be no reduction in rates of pay or other benefits that were in effect prior to the signing of this contract for any employee." Complaint Exhibit A at 22. Pursuant to Article IV of the CBA, the plaintiff filed a grievance on September 19, 1984 objecting to defendant's action in unilaterally changing the package size of its two-litre bottle case from a six bottle case to an eight bottle case while continuing to pay its employees the same commission rate per case.[1] Complaint Exhibits A at 14–15 and B. After the parties' efforts to resolve the dispute were unsuccessful, the matter was submitted to arbitration under the terms of the CBA.

The arbitrator found that the grievance was arbitrable as provided in CBA, Article IV, and that the "change in the case size resulted in a reduction in the rate of commission paid for the sale and delivery of two-litre size product." He further found that "Article XI provides in specific terms that there shall be no reduction in rates of pay *and such a reduction has, in fact, occurred.*" Complaint Exhibit E at 6 (emphasis the Court's). But, notwithstanding this finding, the arbitrator concluded that he did not have the authority to add a specific method to the CBA for increasing commission rates in the event of an increase in the size of a case. *Id.* As a result, he declined to direct the increase of commissions to be paid on the eight bottle case but, instead, directed the parties to establish the rate through collective bargaining.

Plaintiff contends that, while the arbitrator found that the defendant breached the CBA, he failed to fashion a remedy for the breach. Plaintiff requests that the arbitrator, or another arbitrator, devise an appropriate remedy for the defendant's breach.

The defendant contends that the Court lacks jurisdiction to entertain this action under 29 U.S.C. § 185(a), that the arbitrator's decision is final and conclusive, and

---

1. The plaintiff argued that if a driver delivered 400 cases of identical two litre bottles in August 1984 and May 1985, he would lose approximately $34.58. Complaint Exhibit C (plaintiff's brief before the arbitrator) at 5.

that the "final and binding" provision in the CBA bars reconsideration of the dispute.

The defendant requested an oral hearing on the motions, but that request is denied in view of the time limitations involved in this case; the present CBA is to expire on February 27, 1986. Moreover, the Court concludes that oral arguments would not be helpful since the issue is relatively simple and limited and the parties have had a full opportunity to file written briefs. *See* Local Rule 1–9(g).

## II

■ The Court has jurisdiction over this action pursuant to 29 U.S.C. § 185. The plaintiff is not seeking to have the Court review the merits of the dispute. Nor does the plaintiff seek to have the Court reconsider the issue of whether the dispute is arbitrable. Rather, the plaintiff accepts the decision by the arbitrator and asks only that, having decided the case on the merits in favor of the plaintiff, the arbitrator fashion a remedial order to bring the defendant into conformity with the terms of the CBA.

■ It is clear that Section 185 may be the basis for a complaint that the arbitrator exceeded his authority. *See Local 369, Bakery and Confectionary Workers International Union of America, AFL–CIO v. Cotton Baking Co., Inc.,* 514 F.2d 1235 (5th Cir.1975), *rehearing denied* 520 F.2d 943, *cert. denied* 423 U.S. 1055, 96 S.Ct. 786, 46 L.Ed.2d 644 (1976); *Proctor & Gamble Manufacturing Co. v. Independent Oil and Chemical Workers,* 386 F.Supp. 213, 215 (D.Md.1974). It is equally clear that an arbitrator, acting under the authority granted to him by virtue of the CBA and the issue presented for arbitration, having determined that a party has breached the CBA, must then fashion an appropriate remedy absent a provision in the CBA which would prevent such relief. *See Local 369, supra* at 1237.

> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair *solution* of a problem. *This is especially true when it comes to formulating remedies.* There is a need for flexibility in meeting a wide variety of situations.

*United Steel Workers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) (emphasis this Court's). The fact that a remedy is not specifically set forth in the CBA should not deter the arbitrator from effecting remedial relief.

> Furthermore, the arbitrator must also be left free to decide more than which party is right or which party is wrong. Having found a contract violation, he must fashion a remedial order to bring the parties' actions in conformity with the contract and make reparation for past infringements. *A collective bargaining agreement may not specify the relief required for every conceivable contractual violation,* so the arbitrator must often rely on his own experience and expertise in formulating an appropriate remedy. In view of the variety and novelty of many labor-management disputes, reviewing courts must not unduly restrain an arbitrator's flexibility.

*Local 369, supra* at 1237 (citations omitted) (emphasis this Court's).

■ Here, the arbitrator has found that the defendant breached the CBA when it increased the number of two-litre bottles in a case from six to eight without increasing the amount of commission to be paid per case. Having made that determination, it is now the duty of the arbitrator to fashion an appropriate remedy; a matter which may possibly be performed by simple calculation together with any adjustments the arbitrator feels may be warranted. "Unlike a judge or jury, an arbitrator may reach a compromise verdict on damages and set the award accordingly, especially if the contract can reasonably be so interpreted." 48 A Am.Jur.2d, *Labor and Labor Relations,* Section 1988 (2d ed. 1979).

The defendant's argument that the arbitrator's decision is final and conclusive

misses the point; the fact is that the arbitrator, after having made his determination did not direct a remedy. Moreover, the defendant's argument that the "final and binding" provision in the CBA bars reconsideration of the dispute in this case also misses the mark since the plaintiff does not seek reconsideration of the dispute; the plaintiff has already prevailed on the issue presented to the arbitrator; rather, the plaintiff seeks relief.

In view of the above this Court concludes that plaintiff's motion for summary judgment should be granted and that defendant's motion for summary judgment should be denied. This matter is to be remanded to the arbitrator so that he may direct appropriate relief pursuant to the finding he has made in this case.

An appropriate order has been issued.